Weygandt, C. J.
In its opinion the Court of Appeals made the following comment:
“The trial court held, that under .the circumstances, plain *154 tiffs were guilty of laches; that the statute of limitations, Section 2305.09, Revised Code, applies because the gist of the suit is based on fraud; that four years having elapsed, plaintiffs can not now maintain their suit. It is unnecessary to pass upon the statute of limitations. What has given this court the most dif - ficulty is the case of Magee v. Troutwine, 166 Ohio St., 466, 143 N. E. (2d), 581. This case holds that: ‘Where a Probate Court issues an order for the private sale of realty by the administratrix of an estate and she then makes such a sale to her spouse, the sale is voidable at the election of the heirs.’ (Emphasis added.) This is exactly the factual situation in the case at bar, except that, here, the husband is the administrator and he conveyed to his wife. We have read and studied the Magee case and nowhere does it appear that the claim of laches was raised. It is suggested in the second last paragraph of Chief Justice Weygandt ’s opinion that, ‘ Inasmuch as this is a chancery action, the trial court has plenary jurisdiction to render a decree in conformity with the equities of the matter.’ We are wondering what the decision of the Supreme Court might have been if the defense of laches had been set up. This court has ‘plenary jurisdiction’ to apply all of the rules of equity in determining what decree should be entered here. It is fundamental that he who seeks equity must do equity, and that he must come into court with clean hands. There is no doubt that the sale to -Christman’s wife was improper, and that the brother and sister could have set aside the sale at the time it was made, or within a reasonable time thereafter. But may they, with full knowledge, sit by for 17 years, and, in the face of what has happened to this property, claim relief in equity? The Supreme Court said in the Magee case that the sale was voidable, not void; that the defendants were entitled to the application of all the rules of equity. Laches is one of those rules. In our opinion, the equities in this case favor the defendants.”
The foregoing analysis of the Magee case by the Court of Appeals is apt and conclusive. That and the instant case are readily distinguishable. .In that case there is no mention of the matter of laches, while here it is the paramount issue. In this case, it was discussed by the Court of Common Pleas, by the Court of Appeals and by counsel in their briefs in all three *155 courts. The applicability of this salutary equitable principle to the particular circumstances of this case seems too patent for cavil. The plaintiffs are a sister and a brother of the defendant administrator and recommended his appointment; they lived in the neighborhood; they knew that their brother was living on the old family farm; they visited their brother on the farm; .they knew of the sale; they filed no exception thereto; they observed valuable improvements made by their brother and his wife on the land, part of which was allotted and sold to many different innocent purchasers for different purposes including the construction of a public school building; and they watched these events transpire for a period of more than 17 years before taking this action which is equitable in nature. This is hardly a situation justifying the intervention of a chancellor.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.